**UNITED STATES of America,**
**Plaintiff,**

v.

**Herbert W. BATES and Jo-Ann Bates,**
**his wife, Defendants.**

**Civ. No. 72–215–ORL.**

United States District Court,
M. D. Florida,
Orlando Division.

March 14, 1973.

Supplemental Opinion May 5, 1973.

Robert A. Leventhal, Asst. U. S. Atty., Orlando, Fla., Captain Joseph Taraska, Military Hospital Recovery Claims Specialist, Asst. Staff Judge Advocate, McCoy Air Force Base, Fla., for plaintiff.

Andrew C. B. Baron, Harmening, Baron & Ervin, Orlando, Fla., for defendants.

### ORDER

GEORGE C. YOUNG, Chief Judge.

Pursuant to due notice this cause came on before the Court on March 5, 1973, for a non-jury trial. Counsel for the parties were present and the Court heard the testimony presented.

The plaintiff, United States of America, provided and paid for medical care for the co-defendant, Jo-Ann Bates, due to its legal obligation under 10 U.S.C. §§ 1071–1087, and, under 42 U.S.C. §§ 2651–2653, it had the right to collect the value of said care from the parties liable for injuries necessitating the medical care. The plaintiff forewent its right under 42 U.S.C. §§ 2651–2653 to intervene in the defendants' suit against the third-party tortfeasors or otherwise independently assert its claim, and it provided medical records and other assistance to the defendants in exchange for an agreement by the defendants, by and through their attorneys, that they would pay a portion of their recovery from their suit or negotiations with the third-party tortfeasors over to the tortfeasors for the medical care that was received by defendants from plaintiff. A complaint on behalf of the defendants was filed in the Orange County, Florida Circuit Court asserting the defendants' right to recover the value of medical expenses, even though such expenses were in fact paid for by the Government. The case in state court was subsequently settled.

██ The only issue in the case for the Court to decide, other than damages, was whether the defendants had actually assigned to the Government the right to recover that portion of the damages claimed by the Government of the total proceeds of the settlement received by the defendants and whether defendants agreed to receive such portion for the benefit of the Government.

Upon consideration the Court finds that:

1. The evidence is clear that there was an agreement entered into among the parties in this suit that the defendants' state suit would include the Government's claim.

2. The money paid to the defendants in this case by the third-party tortfeasors in settlement of the state action included an amount to settle the Government's claim in this suit.

3. There remains the sole issue as to the amount the Government is entitled to recover from defendants out of the monies received by defendants in the settlement of their claim in state court.

4. The Court will withhold for thirty (30) days a determination of the amount of damages owed to the Government by defendants pending the outcome of a tentative settlement agreement between the parties as to damages. If a written settlement as to damages is not filed within thirty (30) days the Court will determine the amount of the Government's recovery.

## SUPPLEMENTAL OPINION

This cause came on before the Court on March 5, 1973 for a non-jury trial. On March 14, 1973 this Court entered findings that the money paid to the defendants in this case by the third-party tortfeasors in settlement of the State action included an amount to settle the Government's claim in this suit and that the only remaining issue was the amount the Government was entitled to recover from the defendants from the money received by them through the settlement of their claim in State court. This Court further stated that it would withhold, for a period of thirty (30) days, a determination as to the amount of damages owed the Government, pending a tentative settlement agreement between the parties on the issue of damages. If a written settlement was not filed with the Court within the thirty (30) day period, this Court would determine the amount of the Government's recovery. More than thirty (30) days have elapsed and no written settlement has been filed; it is therefore,

Ordered that the Government is entitled to recover from the defendants the sum of $2,627.86 plus costs and interest; the sum of $2,627.86 being the cost of defendant Jo-Ann Bates' treatment and care furnished or paid for by the plaintiff as stipulated by the parties in their pre-trial stipulation.